IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA WHITE,                                   )
                                              )
        Plaintiff,                      )
                                              )
        v.                              )  Civil Action No. 18-571
                                              )
NANCY A. BERRYHILL,                           )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
        Defendant.                      )

O R D E R

AND NOW, this 14th day of August, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in not finding her chronic low back pain caused by degenerative disc disease to constitute a severe impairment at Step Two of the sequential analysis. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision.

The Court first notes that the ALJ extensively discussed Plaintiff's lower back condition and that, at least arguably, her decision that this condition did not meet the relatively low standard of being a severe impairment has sufficient record support. (R. 18-19). Regardless, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's alleged back condition to be non-severe.

Of course, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's impairments involving her lower back to be severe does not mean that these impairments could not still have affected Plaintiff's RFC. Here, however, the ALJ emphasized that she was considering the combined effects of all Plaintiff's impairments in determining the matter of severity even if each alone was not severe (R. 17), and she expressly took Plaintiff's lower back condition into account when formulating the RFC. (R. 19). Indeed, the RFC here was particularly restrictive, limiting Plaintiff to sedentary work with numerous postural and other non-exertional limitations. (R. 23-24). To the extent that Plaintiff argues that the RFC was insufficient, or that the ALJ erred in failing to incorporate the limitations to which Dr. Brinda Navalgund opined, the Court finds that substantial evidence supports the ALJ's findings. The ALJ explained at great length why she gave Dr. Navalgund's opinion little weight (R. 31-32), and her explanation has adequate record support.

The issue is not whether Plaintiff did, in fact, suffer from chronic low back pain, but whether that condition "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED and that Defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

ALJ explained how she formulated Plaintiff's RFC in significant detail, and the Court finds her determination to be supported by substantial evidence. Accordingly, for all of the reasons stated herein, the Court hereby affirms.